# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| KAREN BOUNDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| BAYLOR REGIONAL MEDICAL CENTER AT PLANO d/b/a BAYLOR SCOTT & WHITE MEDICAL CENTER BRAIN AND SPINE CENTER - PLANO, | § | Civil Action No. 4:24-cv-995 Judge Mazzant |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Corrected Motion for Attorney's Fees (the "Motion") (Dkt. #65) and Defendant's Objections to Plaintiff's Bill of Costs (the "Objections") (Dkt. #67). Having considered the Motion, the Objections, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and the Objections should be **SUSTAINED**.

## BACKGROUND

This is an age discrimination lawsuit between Plaintiff Karen Bounds ("Plaintiff") and her previous employer, Defendant Baylor Regional Medical Center at Plano d/b/a The Brain and Spine Center at Baylor Scott & White-Plano ("Defendant"). The facts underlying this case are set out fully in the Court's August 10, 2026 Memorandum Opinion and Order resolving Defendant's motion for judgment as a matter of law, which the Court incorporates into this Order by reference (Dkt. #83). The pertinent facts before the Court today exclusively relate to fees and costs.

On April 13, 2026, Plaintiff filed her Motion, seeking $110,385.00 in attorney's fees under Federal Rule of Civil Procedure 54(d), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, *et seq.*, and the Texas Labor Code § 21.051, *et seq.* (Dkt. #65). On April 24, 2026, Defendant filed its Objections to Plaintiff's Motion, arguing the Court should reduce the requested attorney's fees by the following amounts: (1) $19,500.00 for excessive billing; (2) $11,655.00 for time spent on clerical work; (3) $6,525.00 for duplicative billing; and (4) $12,000 for vague time entries (Dkt. #72). Plaintiff responded to these objections (Dkt. #74), and then, Defendant replied (Dkt. #75).

On April 10, 2026, Plaintiff filed her bill of costs, seeking $2,198.59 (Dkt. #64). On April 14, 2026, the Clerk of the Court entered Plaintiff's bill of costs at the amount requested (Dkt. #66). On April 20, 2026, Defendant filed its Objections to Plaintiff's bill of costs, arguing that Plaintiff seeks unrecoverable deposition costs and postage fees (Dkt. #67). Plaintiff did not respond to these Objections.

Plaintiff's Motion and Defendant's Objections are now ripe for adjudication.

## LEGAL STANDARD

### I. Attorney's Fees

After determining whether attorney's fees are recoverable under the applicable law, courts use the lodestar method to calculate reasonable attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id.* The requested rates should fall "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant legal community is the

community where "the district court sits." *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation modified). The lodestar is presumptively reasonable. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)

"The party seeking attorneys' fees must present adequately recorded time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended on the litigation. *Id.*

The Court then considers whether the circumstances warrant a lodestar adjustment. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). In making any adjustment, the Court considers twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Id.* (citing *Johnson*, 488 F.2d at 717–19).

The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Hou. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (citation modified). Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount. *See Heidtman v.*

*City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)).

## II. Bill of Costs

Federal Rule of Civil Procedure 54(d) dictates that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This provision "creates a 'strong presumption' in favor of awarding costs to a prevailing party, and 'a district court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.'" *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (quoting *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012)); *see also Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). This is so because the denial of costs is considered "in the nature of a penalty." *Shwarz*, 767 F.2d at 131 (citation modified).

Awardable costs are set forth by the federal costs statute, 28 U.S.C. § 1920. Under § 1920, courts may award the following types of costs to the prevailing party:

1. Fees of the clerk and marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;

> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Child.'s Med. Ctr. v. The New Eng. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (internal quotations marks omitted) (quoting *Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)). The party seeking recovery under § 1920 bears the burden of proving the amount and necessity of those costs. *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). The prevailing party carries the burden to demonstrate that the costs it seeks are recoverable. *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 804 (E.D. Tex. 2012), *aff'd sub nom.*, *Eolas Techs. Inc. v. Amazon.com, Inc.*, 521 F. App'x 928 (Fed. Cir. 2013).

The Court has discretion to deny costs when the "'suit was brought in good faith *and* denial is based on at least one of the following factors: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (citation modified) (quoting *Pacheco*, 448 F.3d at 794).

## ANALYSIS

### I. Attorney's Fees

The Court begins with Plaintiff's Motion (Dkt. #65). Plaintiff argues that she is entitled to an award of $110,385.00 for fair and reasonable attorney's fees and related nontaxable expenses as

the prevailing party in a suit brought under the ADEA and the Texas Labor Code (Dkt. #65 at p. 2). Plaintiff's request for attorneys' fees is supported by the affidavit of Ronald R. Huff of the Law Office of Ronald R. Huff, Plaintiff's principal attorney, and the relevant billing records for services rendered from December 2023 to May 2026 (Dkt. #65-1; Dkt. #65-2). In his affidavit, Mr. Huff testified that he dedicated approximately 175.5 hours to this case at rate of $500.00 per hour, and his legal assistant, Juerena R. Hoffman, M.A., dedicated approximately 125.75 hours to this case at rate of $180.00 per hour (Dkt. #65-1 at p. 2; Dkt. #65 at p. 2). The affidavit provided the following table to justify the lodestar:

| **Individual** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Ronal Huff, Attorney | 175.5 | $500.00 | $87,750.00 |
| Juerena R. Hoffman, M.A., legal assistant | 125.75 | $180.00 | $22,635.00 |
| | | **TOTAL** | $110,385.00 |

(Dkt. #65-1 at p. 2).

As required, Mr. Huff testified to the following: "The times, reflected above, which were expended by the attorneys and legal assistants were necessary; the fees charged were reasonable for such services in and around Grayson County, Texas, in litigation of this case" (Dkt. #65-1 at p. 2). Defendant neither disputes that Plaintiff is entitled to some attorney's fees nor the reasonableness of the hourly rate at which Huff and Ms. Hoffman billed; instead, Defendant objects to the reasonableness of the number of hours billed. Specifically, Defendant makes the following four objections challenging the time records kept: (1) 39 of Mr. Huff's billed hours are excessive; (2) 64.75 of Ms. Hoffman's billed hours is time spent on clerical work; (3) 36.25 of Ms. Hoffman's billed hours are duplicative; and (4) the time entries for 24 of Mr. Huff's billed hours are vague

(Dkt. #72). In Defendant's view, Plaintiff's excessive, clerical, redundant, and vague billing necessitates the Court's intervention to reduce Plaintiff's requested fee award from $110,385.00 to $60,705.00 (Dkt. #72 at p. 11).

The Court will not cut the fees by almost half as Defendant requests. However, the Court does agree that some of Defendant's objections are meritorious. "Billing judgment is usually shown by an attorney 'writing off' unproductive, excessive, or redundant hours." *Halupka v. Fed. Express Corp.*, No. 4:03-CV-350, 2006 WL 8441053, at *1 (E.D. Tex. June 22, 2006) (quoting *Green v. Admin. of Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002)). Having considered all the billing records, Defendant's objections, and Plaintiff's rebuttals, the Court is of the opinion that Mr. Huff failed to write off his and his legal assistant's excessive and redundant hours and thus failed to exercise billing judgment.

The Court also agrees with Defendant that some of the hours billed were dedicated to clerical tasks and that the time entries failed to justify the hours expended on the tasks with sufficient detail. Beginning with the clerical work objection, "[a] finding that some of the hours claimed were for clerical work may justify compensating those hours at a lower rate, and, in some circumstances, might justify a reduction in the number [of] compensable hours." *Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985). "Tasks that are purely clerical in nature include faxing, mailing, filing, and delivering legal documents." *Moore v. MW Servicing, L.L.C.*, No. 20-CV-217, 2024 WL 4986059, at *7 (E.D. La. Nov. 12, 2024), *report and recommendation adopted*, No. 20-CV-217, 2024 WL 4979751 (E.D. La. Dec. 4, 2024). Additionally, other "courts have found that clerical tasks include calendaring, organizing documents, . . . copying documents, [and] loading and organizing computer databases . . . ." *Charles v. LeBlanc*, No. CV 18-0541, 2025 WL 2627701, at *6 (W.D. La.

Sept. 11, 2025) (citation modified). Defendant directed the Court to specific entries in which Ms. Hoffman billed for clerical tasks, such as calendaring (Dkt. #72 at pp. 5–6).

Furthermore, there are some examples of large blocks of time with vague descriptions that frustrate the Court's ability to determine whether the hours spent were reasonable.[1] To account for the billing errors mentioned above, the Court finds that a 20% adjustment to the lodestar is warranted. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment."); *Halupka*, 2006 WL 8441053, at *3 ("The remedy for failing to exercise billing judgment is to reduce the hours awarded on a percentage basis to compensate for the lack of billing judgment exercised." (citing *Green*, 284 F.3d at 662). Accordingly, Mr. Huff and Ms. Hoffman's hours will be reduced as follows:

| **Individual** | **Hours** | **Reduced Hours** | **Rate** | **Reduced Total** |
|---|---|---|---|---|
| Ronal Huff, Attorney | 175.5 | 140.4 | $500.00 | $70,200.00 |
| Juerena R. Hoffman, M.A., legal assistant | 125.75 | 100.6 | $180.00 | $18,108.00 |
| | | | **TOTAL** | $88,308.00 |

In sum, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (internal quotation marks omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Plaintiff prevailed on her age

[1] "Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation because the court cannot accurately determine the number of hours spent on any particular task . . . ." *U.S., ex rel., Cook-Reska v. Cmty. Health Sys., Inc.*, 641 F. App'x 396, 399 n.7 (5th Cir. 2016) (citation modified) (quoting *Jane Roe/Rachel V. Rose v. BCE Tech. Corp.*, No. 12-CV-1621, 2014 WL 1322979, at *6 (S.D. Tex. Mar. 28, 2014)).

discrimination claim under the Texas Labor Code and the jury awarded her $132,968.83 for past wages and benefits in turn. The high degree of skill and labor involved in defending a motion for summary judgment and obtaining this award before a jury justifies a fee award of $88,308.00. Accordingly, Plaintiff's Motion should be granted in part.

## II. Bill of Costs

Plaintiff also moved to recover its litigation costs of $2,198.59 under Federal Rule of Civil Procedure 54(d) (Dkt. #64), which were awarded by the Clerk of the Court (Dkt. #66). Specifically, Plaintiff was awarded the following costs: (1) $405.00 in fees of the Clerk; (2) $1,776.75 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (3) $16.84 in fees for postage (Dkt. #66).

Defendant opposes the award of costs and begins by noting Plaintiff's alleged failure to comply with Local Rule CV-54(b). This rule outlines certain procedural requirements with which the requesting party must comply when filing a bill of costs, including that a party must submit a proposed bill of costs to the opposing party before filing a contested motion for costs. LOCAL RULE CV-54(b). Because Plaintiff allegedly failed to meet these procedural requirements, Defendant filed its Objections after the Clerk of the Court's entry of the bill of costs (Dkt. #66; Dkt. #67 at p. 1). As such, the Court turns to Defendant's Objections and notes that Plaintiff did not respond to these objections.

First, Defendant argues Plaintiff seeks unrecoverable deposition costs (Dkt. #67 at p. 2). There are the two invoices at issue, which Plaintiff attached to her Proposed Bill of Costs: (1) an invoice from Stormy Jackson Reporting totaling $849.50 for the "original and Etranscript" of the Oral Deposition of Nardo Dumaquita; and (2) another invoice from Stormy Jackson Reporting totaling $927.75 for the "original, rough draft, and Etranscript" of the Oral Deposition of

Cassandra Mills (Dkt. #64-1 at pp. 2–3). Defendant specifically takes issues with Plaintiff's attempt to recover the costs of the rough drafts and electronic transcripts, which Defendant argues is like a condensed transcript; thus, according to Defendant, Plaintiff should only recover for the costs of the actual deposition transcripts (Dkt. #67 at p. 3).

Defendant is correct, prevailing parties may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(2), however, "[i]ncidental costs associated with depositions . . . are generally not recoverable." *Leal v. Magic Touch Up, Inc.*, No. 3:16-CV-662, 2019 WL 162885, at *2 (N.D. Tex. Jan 9, 2019). As Defendant notes, this Court has previously refused to award the types of incidental costs Plaintiff seeks, including costs attributable to rough drafts and condensed transcripts. *Bevill v. City of Quitman*, No. 4:19-CV-406, 2025 WL 2470073, at *8 (E.D. Tex. Aug. 27, 2025) (collecting cases). Moreover, Plaintiff bears the burden to show the reasonableness and necessity of the costs challenged by Defendant. *DietGoal Innovations LLC*, 2015 WL 164072, at *1 (citing *Holmes*, 11 F.3d at 64). Here, the Court finds that Plaintiff has not met her burden to justify the incidental costs that Defendant challenges.

However, the Court cannot determine exactly how much to deduct for the incidental deposition costs because the invoices at issue did not itemize the costs for originals, rough drafts, and electronic transcripts (Dkt. #64-1). Because of this, in Defendant's view, "the Court should deny Plaintiff's recovery in its entirety for failure to properly itemize her alleged costs" (Dkt. #67 at p. 4). The Court is inclined to agree. Absent an itemizing showing how much of the deposition costs were attributable to the original transcript and how much was attributable to the rough drafts

and electronic transcripts, these costs of $1,776.75 should not be awarded. Accordingly, the Court sustains Defendant's objection as to this issue.

Second, Defendant argues Plaintiff seeks unrecoverable postage fees as they are not included in the costs under 28 U.S.C. § 1920 (Dkt. #67 at p. 3). This is true. "Delivery charges and postage are also not included in Section 1920." *Richards v. Lufkin Industries LLC*, No. 9:14-CV-00136-RC, 2019 WL 6682079, at *4 (E.D. Tex. Mar. 26, 2019). Accordingly, the Court sustains Defendant's objection as to this issue and the costs of $16.84 for postage should not be awarded.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff's Corrected Motion for Attorney's Fees (Dkt. #65) is hereby **GRANTED in part**. Accordingly, Plaintiff is hereby awarded its attorneys' fees in the amount of **$88,308.00**.

It is further **ORDERED** that Defendant's Objections to Plaintiff's Bill of Costs (Dkt. #67) are hereby **SUSTAINED**. Accordingly, Plaintiff's Bill of Costs (Dkt. #66) are hereby reduced by $1,793.59.

**IT IS SO ORDERED.**

**SIGNED this 10th day of August, 2026.**

Amos Mazzant

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE